

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 25, 1974

The Honorable Mark W. White, Jr.       Opinion No. H- 433
Secretary of State
State Capitol Building                 Re:   Effect of Federal
Austin, Texas 78711                          Election Campaign Act
                                             Amendments of 1974 on
                                             state campaign reporting
                                             and disclosure require-
                                             ments for federal can-
Dear Secretary White:                        didates.

You have asked our opinion on several questions relating to the recently
enacted Federal Election Campaign Act Amendments of 1974. One question
is of particular urgency and in order to give it immediate attention we are
treating it separately. That question asks:

> If a candidate for federal office is required by
> Article 14.08(h)(1)(ii), Vernon's Texas Election
> Code, to file a sworn statement by October 29, 1974,
> covering the period from September 27, through
> October 26, 1974, and if the reporting requirements
> of Chapter 14, Vernon's Texas Election Code, are
> generally superseded or preempted by the Amend-
> ments, must a report be filed by the Federal can-
> didate covering all or any part of such period?

The 1974 Federal Act was enacted under the Congress' broad power to
regulate the manner of conducting elections for federal officers (U.S. Const.,
art. 1, sec. 4) and extensively amended the Federal Election Campaign Act
of 1971 (P.L. 92-225). Section 403 of the 1971 Act (2 U.S.C. sec. 453) pro-
vided:

> (a) Nothing in this Act shall be deemed to
> invalidate or make inapplicable any provision
> of any State law, except where compliance with
> such provision of law would result in a violation
> of a provision of this Act.

   (b) Notwithstanding subsection (a), no provision
of State law shall be construed to prohibit any person
from taking any action authorized by this Act or from
making any expenditure (as such term is defined in
section 301(f) of this Act) which he could lawfully make
under this Act.

   In Attorney General Opinion H-259 (1974) we considered the relationship
of section 403 to the Texas requirements for reporting campaign contributions
and expenditures.  We concluded that federal candidates were covered by the
Texas Campaign Reporting and Disclosure Act of 1973 (Acts 1973, ch. 423,
p. 1101, generally found in Chapter 14, Texas Election Code) and were required
to conform to the requirements of the state law as well as to those of the federal
law.

   The 1974 Federal Act contained two sections concerning preemption of state
law.  These were the only sections of the Act to become effective immediately
on the President's signing the Bill on October 15, 1974.  One of those two
provisions, section 301, amended section 403 of the 1971 Act so that it now reads:

   The provisions of this Act, and of rules
prescribed under this Act, supersede and
preempt any provision of State law with re-
spect to election to Federal office.

   The purpose of this preemption clause is outlined in the reports documenting
the Act's consideration and passage.  The report of the House Committee on
Administration [H. R. Rep. No. 93-1239, 93rd Cong., 2d Sess., p. 10 (1974)]
states:

   It is the intent of the Committee to preempt all
state and local laws.

   . . . It is the intent of the committee to make certain
that the Federal law is construed to occupy the field
with respect to elections to Federal office and that
the Federal law will be the sole authority under which
such elections will be regulated.  Under the 1971 Act,
provision was made for filing Federal reports with
State officials and the supervisory officers were re-

quired to cooperate with, and to encourage, State officials to accept Federal reports in satisfaction of State reporting requirements. The provision requiring filing of Federal reports with State officials is retained, but the provision relating to encouraging State officials to accept Federal reports to satisfy State reporting requirements is deleted. Under this legislation, Federal reporting requirements will be the only reporting requirements and copies of the Federal reports must be filed with appropriate State officials.

The Conference Report [S. Rep. No. 93-1237, 93rd Cong., 2d Sess., p. 100-101 (1974)] on the Bill states:

. . . It is clear that the Federal law occupies the field with respect to reporting and disclosure of political contributions to and expenditures by Federal candidates and political committees, but does not affect State laws as to the manner of qualifying as a candidate, or the dates and places of elections.

During the House debate on the Bill, Representative Frenzel, a member of the Committee on House Administration, said:

When the committee sat down and worked out the preemption of State law, it was considering the most important single matter that the greatest number of Members of Congress brought to our attention.

They said: 'For heaven's sake, get us out of this mess of 51 laws. Get us out of all these reports that sometimes conflict with one another. Please preempt State laws.'

We did that. We responded to the requests of Members of Congress in this respect.

120 Cong. Rec. H7896 (daily ed. August 8, 1974).

Given the explicit language of the Act and the repeated expressions of congressional intent, we are compelled to conclude that the 1974 Federal Act removes the requirement that candidates for federal offices file the October 29, 1974, report provided for under Article 14.08 (h)(1)(ii), Texas Election Code. Of course, federal law requires these candidates to prepare similar reports, copies of which must be filed with the Secretary of State of Texas. 2 U.S.C. secs. 434, 439.

### SUMMARY

The Federal Election Campaign Act Amendments of 1974 specifically preempt and supersede state campaign contribution and expenditure reporting laws insofar as they relate to candidates for federal offices. Federal candidates are not required to file reports due by state law after October 15, 1974, although they still must file federally required reports with the Texas Secretary of State as well as with the appropriate federal officials.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee